KENNETH B. WILSON (State Bar No. 130009)
  ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (State Bar No. 203510)
  jmasur@zuberlawler.com
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

MATTHEW E. HESS (State Bar No. 214732)
  mhess@zuberlawler.com
ZUBER LAWLER LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| KAMILLE FAYE VINLUAN-JULARBAL,<br><br>    Plaintiff,<br><br>  v.<br><br>REDBUBBLE INC.,<br><br>    Defendant. | Case No. 2:21-cv-00573-JAM-JDP<br><br>**DEFENDANT REDBUBBLE INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Redbubble Inc. ("Redbubble") hereby answers the allegations of the First Amended Complaint ("Complaint") of plaintiff Kamille Faye Vinluan-Jularbal ("Plaintiff"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

1. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 1 of the Complaint and on that basis denies those allegations.

2. Redbubble admits the allegations of Paragraph 2 of the Complaint.

3. To the extent that the allegations of Paragraph 3 of the Complaint consist of conclusions of law, no response is required. To the extent that the allegations of Paragraph 3 of the Complaint consist of factual allegations, Redbubble denies those allegations.

4. To the extent that the allegations of Paragraph 4 of the Complaint consist of conclusions of law, no response is required. To the extent that the allegations of Paragraph 4 of the complaint relate to Plaintiff, Redbubble lacks knowledge or information sufficient to admit or deny those allegations of Paragraph 4 of the Complaint and on that basis denies those allegations.

5. To the extent that the allegations of Paragraph 5 of the Complaint consist of conclusions of law, no response is required. To the extent that Paragraph 5 of the Complaint alleges that Redbubble is generally subject to personal jurisdiction in the State of California, and that Redbubble maintains its principal place of business in California, Redbubble admits those allegations. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 5.

6. Answering the allegations of Paragraph 6 of the Complaint, Redbubble admits that its parent company, Redbubble Limited, was founded in 2006, and that Redbubble describes its mission as "Bringing more creativity into the world." Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 6.

7. Answering the allegations of Paragraph 7 of the Complaint, Redbubble admits that Redbubble users who agree to the Redbubble User Agreement can upload their designs to the Redbubble marketplace at www.redbubble.com and sell products printed with such designs. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 7.

8. Answering the allegations of Paragraph 8 of the Complaint, Redbubble admits that the image depicted below the text appears to be a screenshot of a portion of a product listing page from the Redbubble Marketplace, and that Redbubble does not sell any merchandise. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 8.

9. Answering the allegations of Paragraph 9 of the Complaint, Redbubble admits that it does not hold inventory of finished products. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 9.

10. Answering the allegations of Paragraph 10 of the Complaint, Redbubble admits that customers purchase products through the Redbubble marketplace, that the Redbubble platform software automatically performs various activities pertaining to such purchase, including facilitating payment processing and sending automated email status updates, and that Redbubble performs certain customer service functions with respect to products purchased through the Redbubble marketplace. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 10.

11. Redbubble denies the allegations of Paragraph 11 of the Complaint.

12. Answering the allegations of Paragraph 12 of the Complaint, Redbubble admits that the images depicted below the text appear to include samples of the types of packaging sent by independent third-party fulfillers to purchasers of products bought from third-party sellers through the Redbubble marketplace. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 12.

13. Answering the allegations of Paragraph 13 of the Complaint, Redbubble admits that independent third-party product fulfillers deposit items purchased through the Redbubble marketplace with third-party shippers for delivery to purchasers, and that products purchased through the Redbubble marketplace are shipped according to the method selected and paid for by the sellers' customers. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 13.

14. Answering the allegations of Paragraph 14 of the Complaint, Redbubble admits that third-party sellers receive a seller-defined margin for products that they sell through the Redbubble marketplace. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 14 of the Complaint.

15. Redbubble denies the allegations of Paragraph 15 of the Complaint.

16. Redbubble denies the allegations of Paragraph 16 of the Complaint.

17. Answering the allegations of Paragraph 17 of the Complaint, Redbubble admits that it does not disable the ability of third-party sellers to use words as keywords in their listings, including words in which a rights holder may claim trademark rights. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 17.

18. Redbubble denies the allegations of Paragraph 18 of the Complaint.

19. Answering the allegations of Paragraph 19 of the Complaint, Redbubble admits that it does not automatically prevent a user who is accused of creating an allegedly infringing product listing from participating in the Redbubble marketplace. Further answering the allegations of Paragraph 19 of the Complaint, Redbubble lacks knowledge or information sufficient to admit or deny the actions of third-party companies, and on that basis denies those allegations. Except as thus expressly admitted or denied, Redbubble denies the allegations of Paragraph 19.

20. Answering the allegations of Paragraph 20 of the Complaint, Redbubble admits that the 2019 annual report of its parent company, Redbubble Limited, represented that 76% of its product revenue originated from "authentic sellers," a term defined in the Annual Report as "those artists who tend to upload high-quality, original works which resonate well with customers." Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 20.

21. Answering the allegations of Paragraph 21 of the Complaint, Redbubble admits that it has been sued for trademark and copyright infringement in U.S. courts; that no such claims have been resolved against Redbubble, while Redbubble has prevailed on substantive claims on several occasions; and that its parent company, Redbubble Limited, was found nominally liable for infringement under different legal standards and that nominal damages were awarded against Redbubble in those lawsuits. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 21.

22. Answering the allegations of Paragraph 22 of the Complaint, Redbubble admits that it earns profits from the operation of the Redbubble marketplace. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 22.

23. Answering the allegations of Paragraph 23 of the Complaint, Redbubble admits that it created a "Brand Partnership" program whereby certain third-party rights holders allow

users to sell officially-licensed products bearing designs that use officially-licensed intellectual property, and that Redbubble's website contains the language quoted in this paragraph. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 23.

24. To the extent that the allegations of Paragraph 24 of the Complaint consist of conclusions of law, no response is required. Redbubble otherwise denies the allegations of Paragraph 24 of the Complaint.

25. Redbubble denies the allegations of Paragraph 25 of the Complaint.

26. Redbubble denies the allegations of Paragraph 26 of the Complaint.

27. Redbubble denies the allegations of Paragraph 27 of the Complaint.

28. Answering the allegations of Paragraph 28 of the Complaint, Redbubble admits that it has removed certain listings for products offered by users through the Redbubble marketplace that third-party rights holders have identified as potentially infringing. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 28, and expressly denies that any products offered through the Redbubble marketplace have been determined to be infringing or counterfeit.

29. Redbubble denies the allegations of Paragraph 29 of the Complaint.

30. Redbubble denies the allegations of Paragraph 30 of the Complaint.

31. Redbubble denies the allegations of Paragraph 31 of the Complaint.

32. Answering the allegations of Paragraph 32 of the Complaint, Redbubble admits that many companies sell products that display those companies' trademarks and copyrights. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 32.

33. Answering the allegations of Paragraph 33 of the Complaint, Redbubble admits that many companies sell licensed merchandise. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 33.

34. Redbubble denies the allegations of Paragraph 34 of the Complaint.

35. Answering the allegations of Paragraph 35 of the Complaint, Redbubble admits that Plaintiff placed two orders with third-party sellers through the Redbubble marketplace in December 2020, including a sweatshirt bearing the phrase "United Nations" and a logo similar to

that used by the United Nations. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 35.

36. Answering the allegations of Paragraph 36, Redbubble admits that the United Nations Organization owns registered trademarks with the serial numbers identified in Paragraph 36. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 36 and on that basis denies those allegations.

37. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 37 of the Complaint and on that basis denies those allegations.

38. Answering the allegations of Paragraph 38 of the Complaint, Redbubble admits that Plaintiff placed an order with a third-party seller through the Redbubble marketplace in December 2020 for a sweatshirt bearing the phrase "The Dadalorian." Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 38.

39. Answering the allegations of Paragraph 39, Redbubble admits that the image in Paragraph 39 has additional imagery in the letters. Except as thus expressly admitted, Redbubble denies the allegations of paragraph 39.

40. Redbubble denies the allegations of Paragraph 40 of the Complaint.

41. Redbubble denies the allegations of Paragraph 41 of the Complaint.

42. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of paragraph 42 of the Complaint, and on that basis denies those allegations.

43. Answering the allegations of Paragraph 43 of the Complaint, Redbubble denies that Redbubble violated the Lanham Act or the Copyright Act with respect to the identified products. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 43 and on that basis denies those allegations.

44. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 44 of the Complaint and on that basis denies those allegations.

45. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 45 of the Complaint and on that basis denies those allegations.

46. Redbubble denies the allegations of Paragraph 46 of the Complaint.

47. Answering the allegations of Paragraph 47 of the Complaint, Redbubble admits that on March 29, 2021 Plaintiff's counsel sent Redbubble a demand letter, the terms of which speak for themselves.

48. Answering the allegations of Paragraph 48 of the Complaint, Redbubble admits that on March 29, 2021 Plaintiff's counsel sent Redbubble a demand letter, the terms of which speak for themselves.

49. Answering the allegations of Paragraph 49 of the Complaint, Redbubble admits that it signed the delivery receipt for the March 29, 2021 letter. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 49 and on that basis denies them.

50. Answering the allegations of Paragraph 50 of the Complaint, Redbubble admits that it did not send a letter in response to the March 29, 2021 letter. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 50.

51. Answering the allegations of Paragraph 51 of the Complaint, Redbubble admits that Plaintiff purports to bring this action on behalf of herself and a putative class of customers. Except as so expressly admitted, Redbubble denies the allegations of Paragraph 51 of the Complaint, including that there is any cognizable class.

52. Answering the allegations of Paragraph 52 of the Complaint, Redbubble admits that Plaintiff seeks what it claims to seek, but denies that there is any cognizable class, and otherwise denies the allegations of this Paragraph.

53. Redbubble denies the allegations of Paragraph 53 of the Complaint.

54. Redbubble denies the allegations of Paragraph 54 of the Complaint.

55. Redbubble denies the allegations of Paragraph 55 of the Complaint.

56. Redbubble denies the allegations of Paragraph 56 of the Complaint.

57. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 57 of the Complaint and on that basis denies those allegations.

58. Redbubble denies the allegations of Paragraph 58 of the Complaint.

59. Redbubble denies the allegations of Paragraph 59 of the Complaint.

60. Redbubble denies the allegations of Paragraph 60 of the Complaint.

61. Answering the allegations of Paragraph 61 of the Complaint, Redbubble admits that the amount of potential restitution is zero. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 61.

62. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of paragraph 62 of the Complaint and on that basis denies them.

63. Redbubble denies the allegations of Paragraph 63 of the Complaint, and specifically denies that any court is a proper or desirable forum for resolution of this dispute.

64. Redbubble denies the allegations of Paragraph 64 of the Complaint.

65. Answering the allegations of Paragraph 65 of the Complaint, Redbubble incorporates its responses to Paragraphs 1-64 of the Complaint as if fully set forth herein.

66. Redbubble denies the allegations of Paragraph 66 of the Complaint.

67. Redbubble denies the allegations of Paragraph 67 of the Complaint.

68. Redbubble denies the allegations of Paragraph 68 of the Complaint.

69. Redbubble denies the allegations of Paragraph 69 of the Complaint.

70. Redbubble denies the allegations of Paragraph 70 of the Complaint.

71. Redbubble denies the allegations of Paragraph 71 of the Complaint.

72. Answering the allegations of Paragraph 72 of the Complaint, Redbubble incorporates its responses to Paragraphs 1-71 of the Complaint as if fully set forth herein.

73. Redbubble denies the allegations of Paragraph 73 of the Complaint.

74. Redbubble denies the allegations of Paragraph 74 of the Complaint.

75. Redbubble denies the allegations of Paragraph 75 of the Complaint.

76. Redbubble denies the allegations of Paragraph 76 of the Complaint.

77. Redbubble denies the allegations of Paragraph 77 of the Complaint.

78. Redbubble denies the allegations of Paragraph 78 of the Complaint.

**AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that it bears any burden of proof as to any of them, Redbubble asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

79. The Complaint, and each cause of action therein, fails to state facts sufficient to state a claim on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

80. The Court lacks subject matter jurisdiction over Plaintiff's claims, including in particular by virtue of Plaintiff's binding agreement to submit such claims to arbitration.

**THIRD AFFIRMATIVE DEFENSE**

**(Arbitrability of Claims/ Improper Venue)**

81. Plaintiff's clams are barred, without regard to subject matter jurisdiction, because Plaintiff agreed that the claims in this action would be "exclusively resolved under confidential binding arbitration held in San Francisco, California," and therefore venue in this district is not proper.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

82. Plaintiff lacks standing to assert claims for infringement based on the intellectual property of third-parties..

**FIFTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

83. Plaintiff's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of the asserted copyrights and trademarks at issue in this lawsuit, to the extent such copyrights and trademarks can be identified, were fair uses.

**SIXTH AFFIRMATIVE DEFENSE**

**(Protected Speech)**

84. Plaintiff's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of the asserted copyrights and trademarks at issue in this lawsuit, to the

extent such copyrights and trademarks can be identified were protected speech under the First Amendment of the United States Constitution and the California Constitution.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

85. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

86. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
### (Laches/Statute of Limitations)

87. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches and/or the relevant statute of limitations.

### TENTH AFFIRMATIVE DEFENSE
### (Waiver)

88. Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of waiver, acquiescence and/or estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Conduct of Third Parties)

89. Plaintiff's claims are barred, in whole or in part, because the actions complained of, to the extent they occurred, were the result of the conduct of third-parties over whom Redbubble does not exercise control.

### TWELFTH AFFIRMATIVE DEFENSE
### (Class Action Requirements Not Satisfied)

90. The alleged Customer Class does not satisfy the Federal Rule 23 requirements for class action certification.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Bona Fide Error and Correction)**

91. The violations alleged by Plaintiff were not intentional and resulted from a bona fide error even though Redbubble used reasonable procedures adopted to avoid any such error. Prior to receiving Plaintiff's notice of violation, or within 30 days thereafter, Redbubble made, or agreed to make within a reasonable time, an appropriate retraction or other correction of the error.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

92. Redbubble is not the proximate cause of any damages suffered by Plaintiff; any such damages are the result of the acts and/or omissions of third parties.

**PRAYER FOR RELIEF**

WHEREFORE, Redbubble requests entry of judgment in its favor and against Plaintiff on Plaintiff's Complaint as follows:

A. Directing that Plaintiff take nothing by way of her Complaint and dismissing Plaintiff's Complaint with prejudice;

B. Awarding Redbubble its costs of suit, including reasonable attorneys' fees;

C. Granting any and all other relief that the Court deems just and proper.

Dated: June 4, 2021

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER LLP
JOSHUA M. MASUR
MATTHEW E. HESS

By: */s/ Joshua M. Masur*
Joshua M. Masur
Attorneys for Defendant
Redbubble Inc.