KENNETH B. WILSON (State Bar No. 130009)
 ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (State Bar No. 203510)
 jmasur@zuberlawler.com
MATTHEW E. HESS (State Bar No. 214732)
 mhess@zuberlawler.com
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| KAMILLE FAYE VINLUAN-JULARBAL, | Case No. 2:21-cv-00573-JAM-JDP |
| Plaintiff, | **DEFENDANT REDBUBBLE INC.'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR DEFENDANT'S MOTON TO STAY PROCEEDINGS (Dkt. No. 15); DECLARATION OF MATTHEW E. HESS** |
| v. | |
| REDBUBBLE, INC., | |
| Defendant. | |

DEFENDANT REDBUBBLE INC.'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME

## I.      RELIEF SOUGHT

Defendant Redbubble, Inc. ("Redbubble") has filed a motion to compel arbitration of the dispute that is the basis of this lawsuit (Dkt No. 9), and a separate motion to stay other pretrial proceedings until the motion to compel arbitration is decided. (Dkt No. 15.)  Declaration of Matthew E. Hess ("Hess Decl."), ¶¶ 2-3. The first available hearing date for the motion stay proceedings– July 27, 2021 – was the same date as the hearing on the motion to compel arbitration itself – July 27, 2021.   While Redbubble had hoped expediting a hearing of the stay motion would be unnecessary, Plaintiff has now propounded discovery**,** filed a motion for preliminary injunction, and set the hearing for that motion on the same day as the motion to compel arbitration, and has further refused to postpone Redbubble's deadlines to respond to these motions until after the stay motion is decided. This application therefore seeks an order shortening time for the hearing on the motion to stay pursuant to Local Rule 144.

## II.      THERE IS GOOD CAUSE FO EX PARTE RELIEF

There is good cause for *ex parte* relief because when a motion to compel arbitration is filed, the District Courts routinely stay all other pretrial proceedings, including motions for preliminary injunction, until the jurisdictional issue of arbitration is resolved. *See, e.g., Rogers v. Lyft, Inc.,* 452 F. Supp. 3d 904, 912 (N.D. Cal. Apr. 7, 2020) (in a case involving a similar request for preliminary public injunctive relief to that made by Plaintiff here, court held that "[i]t would not be appropriate to plow ahead on the motion for a preliminary injunction before ruling on [Defendant's] motion to compel" arbitration); *Max Software, Inc. v. Computer Assocs. Int'l, Inc.*, 364 F.Supp.2d 1233, 1238 (D. Colo. 2005) (staying all pretrial proceedings while motion to compel arbitration was pending); *Intertec Contracting Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court").

Here, the need for expedited consideration of the motion for a stay was exacerbated by Plaintiff because, after the motion to compel arbitration was filed, Plaintiff (1) served Defendant

2911-1018 / 1784432.3

1    with discovery, which is due on July 1; and (2) filed a motion for preliminary injunction[1] which,

2    like the other two motions, is also set for hearing on July 27, making Redbubble's opposition due

3    on July 13 (*i.e.,* before the motions to compel arbitration and to stay are currently scheduled for

4    hearing). Hess Decl., ¶ 4-5.  But ***if the motion to compel arbitration is granted, this entire dispute***

5    ***will be referred to the arbitrator***.  If the parties are required to participate in discovery and other

6    motion practice in the meantime, it will only result in a waste of the parties' -- and the Court's –

7    resources. Defendants will need to answer discovery, and the Court will need to decide a motion for

8    preliminary injunction that will be rendered moot.

9          Moreover, Redbubble will be prejudiced by being put to the Hobson's choice of either

10   forfeiting the right to take its own discovery in defense of the injunction request or acting in a manner

11   inconsistent with its position that the claims should be arbitrated by propounding such discovery

12   (and thus adversely impacting the merits of the motion to compel). Redbubble should not be put to

13   this choice, which can be avoided by advancing the hearing on Redbubble's motion to stay to a date

14   before July 1, when the first of the obligations created by Plaintiff's filings are due.

15   **III.    COMPLIANCE WITH LOCAL RULE 144**

16         Pursuant to Local Rule 144, which governs requests for orders shortening time, the parties

17   met and conferred about the issues raised by this *ex parte* application via Zoom teleconference on

18   June 7, 2021.  Plaintiff refused to stipulate to an order shortening time, or to grant Plaintiff an

19   extension of time to answer discovery. Hess Decl., ¶ 5, Exh. A.

20   **IV.    CONCLUSION**

21         For the foregoing reasons, Defendant respectfully requests that this *ex parte* application be

22   GRANTED, and that the hearing on the motion to stay – and the briefing schedule -- be advanced.

23   Because the Motion to Stay is straightforward, Defendant proposes the following briefing schedule:

24   ///

25

---

26   [1]    In the recent case of *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1155 (9th Cir. 2021), the
     Ninth Circuit expressly held that the remedy of injunctive relief is available to the Plaintiffs in
27   arbitration. *Id.* at 1154. ("Public injunctive relief is available under California law…. [i]t follows
     that DiCarlo may secure that relief in arbitration….")  Thus, if the motion to compel arbitration is
28   decided, it is very likely that the motion for preliminary injunction will be rendered moot.

DEFENDANT REDBUBBLE INC.'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME

1    • Plaintiff's Opposition shall be filed on or before June 22;

2    • Defendant's Reply shall be filed on or before June 25; and

3    • The hearing shall be scheduled for June 30, 2021.

4

5    Dated:  June 4, 2021                    COASTSIDE LEGAL
                                             KENNETH B. WILSON
6

7                                            ZUBER LAWLER  LLP
                                             JOSHUA M. MASUR
8                                            MATTHEW E. HESS

9
                                       By:   _Matthew E. Hess_____
10                                           Matthew E. Hess
                                             Attorneys for Defendant
11                                           Redbubble Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2911-1018 / 1784432.3
DEFENDANT REDBUBBLE INC.'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME

## <u>DECLARATION OF MATTHEW E. HESS</u>

I, Matthew E. Hess, declare:

1.      I am an attorney licensed to practice before all state and federal courts in California and am employed by the firm of Zuber Lawler LLP, counsel of record for Defendant Redbubble, Inc.  I have personal knowledge of the facts set forth herein and, if called as a witness, can testify competently thereto.

2.      On May 26, 2021, Defendant Redbubble, Inc. filed a separate motion to stay other pretrial proceedings until the motion to compel arbitration is decided. (Dkt No. 15.)  Declaration of Matthew E. Hess ("Hess Decl."), ¶¶ 2-3. This, too, was set for the first available hearing date -- July 27, 2021.

3.      On June 1, 2021, Plaintiff served Defendant with sweeping requests for discovery that go to the merits of the case and are not limited to the issue of arbitrability.  Defendant's responses to the discovery requests are due on July 1, 2021.

4.      On June 11, 2021, Plaintiff filed a Motion for Preliminary Injunction.  This motion, like the others, is set for hearing on July 27, 2021.  Defendant's Opposition is due on July 13, 2021.

5.      The parties met and conferred about the issues raised by this *ex parte* application via Zoom teleconference on June 7, 2021.  Plaintiff refused to stipulate to an order shortening time, or to grant Plaintiff an extension of time to answer discovery.  A true and correct copy of a chain of e-mail messages between Matthew E. Hess, Esq., counsel for Defendant, and Matthew L. Venezia, Esq., counsel for Plaintiff memorializing this discussion is attached hereto as **Exhibit A**.


I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed this 15th day of June, 2021 at Los Angeles, California.

Matthew E. Hess

# EXHIBIT A

| | |
|---|---|
| **From:** | Matthew L. Venezia |
| **To:** | Matthew E. Hess |
| **Cc:** | Keith Wesley; Joshua Masur; Ken Wilson; John C. ("Jay") Maloney, Jr.; Robert L. Fiore |
| **Subject:** | RE: Vinluan-Jularbal v. Redbubble |
| **Date:** | Tuesday, June 15, 2021 10:49:01 AM |

Hello Matt –

Given your representation that Redbubble still intends to move ex parte for an accelerated briefing schedule on its Motion to Stay, I want the record to be clear. I never said I would be agreeable to the below extension for Redbubble to respond to Ms. Vinluan-Jularbal's discovery requests (which is actually more favorable to Redbubble than the relief it requests in its Motion to Stay).

What I said was that I would be open to a discussion about discovery if it were possible to resolve the Motion to Stay. We never got that far because Redbubble advised that the Motion to Stay also seeks to stay briefing on our Motion for Preliminary Injunction, which, in my view, is not reasonable, and we would never agree to. My intention for such a discussion was to determine whether there were particular requests that Redbubble views as burdensome/takes the position would be improper if the Court granted Redbubble's Motion to Compel Arbitration, and explore whether we could agree to a delay of any such responses as a compromise.

I would also note that one category of documents I previously raised, and would have certainly asked Redbubble to produce at this time, is its historical sales figures concerning designs removed for violation of Redbubble's IP policy, for Ms. Vinluan-Jularbal's consideration in formulating a settlement offer. While it was my impression Redbubble agreed it would make sense to engage in good faith on settlement while the Motion to Compel Arbitration and Motion for Preliminary Injunction were pending, if that is not the case, and Redbubble's strategy is instead to attempt to delay briefing on the Motion for Preliminary Injunction as long as possible, I view this matter as full speed ahead and believe it is important to get a ruling on the Motion for Preliminary Injunction as soon as possible in order to protect the public.

Best

**From:** Matthew E. Hess <mhess@zuberlawler.com>
**Sent:** Tuesday, June 15, 2021 7:18 AM
**To:** Matthew L. Venezia <mvenezia@bgrfirm.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; John C. ("Jay") Maloney, Jr. <jmaloney@zuberlawler.com>; Robert L. Fiore <rfiore@zuberlawler.com>
**Subject:** RE: Vinluan-Jularbal v. Redbubble

Hi Matt,

We are still planning on bringing an ex parte application for an accelerated briefing schedule on the motion to stay, but we want to narrow the issues.  You previously said that you'd be amenable to an extension of time to respond to your discovery, but if your side no longer wishes to cooperate on something it previously said it would do,  that's fine, just let us know.

**MATTHEW E. HESS** | Counsel
Zuber Lawler LLP | 350 S. Grand Avenue, 32nd Floor, Los Angeles, CA 90071, USA
T: +1 (213) 596-5620 | mhess@zuberlawler.com | www.zuberlawler.com

**ZUBER LAWLER**

**From:** Matthew L. Venezia <mvenezia@bgrfirm.com>

**Sent:** Monday, June 14, 2021 8:01 PM
**To:** Matthew E. Hess <mhess@zuberlawler.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; John C. ("Jay") Maloney, Jr. <jmaloney@zuberlawler.com>; Robert L. Fiore <rfiore@zuberlawler.com>
**Subject:** RE: Vinluan-Jularbal v. Redbubble

Hello Matt –

I'm not sure I understand this request in light of our last Zoom call. My understanding was that Redbubble intends to file a motion of some sort seeking expedited briefing on its Motion to Stay, which seeks a discovery stay, consistent with what is requested below. Is Redbubble no longer planning to request such an expedited briefing schedule on its Motion to Stay?

---

**From:** Matthew E. Hess <mhess@zuberlawler.com>
**Sent:** Monday, June 14, 2021 2:36 PM
**To:** Matthew L. Venezia <mvenezia@bgrfirm.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; John C. ("Jay") Maloney, Jr. <jmaloney@zuberlawler.com>; Robert L. Fiore <rfiore@zuberlawler.com>
**Subject:** RE: Vinluan-Jularbal v. Redbubble

Matt,

Following up on our Zoom meeting, we would like to request the courtesy of an extension of time to answer your discovery. It would now be due 45 days after the Court rules on our motion to compel arbitration.

Please understand that when I am dealing with an opposing attorney who is reasonable, it is my practice to avoid making "opening" offers or requests. In order to save time, I just make a reasonable request right from the start.  So in this case, I believe that 45 days after the ruling on the motion to compel is a reasonable request; it gives us the usual 30 days, plus an extra 15, after the motion to compel is decided.

Thanks.

**MATTHEW E. HESS** | Counsel
Zuber Lawler LLP | 350 S. Grand Avenue, 32nd Floor, Los Angeles, CA 90071, USA
T: +1 (213) 596-5620 | mhess@zuberlawler.com | www.zuberlawler.com
**ZUBER LAWLER**

---

**From:** Matthew L. Venezia <mvenezia@bgrfirm.com>
**Sent:** Tuesday, June 08, 2021 12:57 PM
**To:** Matthew E. Hess <mhess@zuberlawler.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; John C. ("Jay") Maloney, Jr. <jmaloney@zuberlawler.com>; Robert L. Fiore <rfiore@zuberlawler.com>
**Subject:** RE: Vinluan-Jularbal v. Redbubble

Running a few minutes behind, but will be on shortly. My apologies.

---

**From:** Matthew E. Hess <mhess@zuberlawler.com>

**Sent:** Monday, June 7, 2021 2:34 PM
**To:** Matthew L. Venezia <mvenezia@bgrfirm.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; John C. ("Jay") Maloney, Jr. <jmaloney@zuberlawler.com>; Robert L. Fiore <rfiore@zuberlawler.com>
**Subject:** RE: Vinluan-Jularbal v. Redbubble

Great --  let's do 1:00 pm tomorrow. Robert, will you please circulate a zoom invite?

**MATTHEW E. HESS** | Counsel
Zuber Lawler LLP | 350 S. Grand Avenue, 32nd Floor, Los Angeles, CA 90071, USA
T: +1 (213) 596-5620 | mhess@zuberlawler.com | www.zuberlawler.com

**ZUBER LAWLER**

---

**From:** Matthew L. Venezia <mvenezia@bgrfirm.com>
**Sent:** Monday, June 07, 2021 2:34 PM
**To:** Matthew E. Hess <mhess@zuberlawler.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; John C. ("Jay") Maloney, Jr. <jmaloney@zuberlawler.com>
**Subject:** Re: Vinluan-Jularbal v. Redbubble

4:00 today doesn't work for me, but I could do noon or 1:00 tomorrow.

Sent from my iPhone

> On Jun 7, 2021, at 2:05 PM, Matthew E. Hess <mhess@zuberlawler.com> wrote:
>
> Hi Matt,
>
> I can speak at 4:00 p.m. today, or after 11:00 a.m. tomorrow – let me know the time that works best for you.
>
> **MATTHEW E. HESS** | Counsel
> Zuber Lawler LLP | 350 S. Grand Avenue, 32nd Floor, Los Angeles, CA 90071, USA
> T: +1 (213) 596-5620 | mhess@zuberlawler.com | www.zuberlawler.com
> <image001.jpg>
>
> ---
>
> **From:** Matthew L. Venezia <mvenezia@bgrfirm.com>
> **Sent:** Monday, June 07, 2021 1:54 PM
> **To:** Matthew E. Hess <mhess@zuberlawler.com>; Keith Wesley <kwesley@bgrfirm.com>
> **Cc:** Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; John C. ("Jay") Maloney, Jr. <jmaloney@zuberlawler.com>
> **Subject:** RE: Vinluan-Jularbal v. Redbubble
>
> Hello Matt –
>
> I think it may be helpful to get on a call and explore whether there is a way to stipulate around this issue. Please let me know if you agree, and if so, when you would be available.

I would, however, note in response to the below, and in response to the motion to stay, that we have never said we are moving to certify any class on June 8th. Our proposed case schedule set the class certification deadline for June 8, *2022*, and the preliminary injunction motion we met and conferred about filing in June of 2021 would be brought on behalf of the plaintiff in her individual capacity, seeking public injunctive relief.

---

**From:** Matthew E. Hess <mhess@zuberlawler.com>
**Sent:** Monday, June 7, 2021 1:27 PM
**To:** Keith Wesley <kwesley@bgrfirm.com>; Matthew L. Venezia <mvenezia@bgrfirm.com>
**Cc:** Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; John C. ("Jay") Maloney, Jr. <jmaloney@zuberlawler.com>
**Subject:** Vinluan-Jularbal v. Redbubble

Counsel,

As you know, on Friday we filed a motion to stay proceedings until the Court rules on Defendant's Motion to Compel Arbitration.  However, the earliest available date for the motion to stay – July 27 – is the same date that our motion to compel arbitration will be heard.

Therefore, I would like to move up the briefing schedule and the hearing date on the motion to stay, if the Court is amenable to this.  The idea is that the hearing on the motion to stay would take place before our responses to your discovery are due, and before any opposition to your motion for class certification is due. The reason is that if the motion to compel arbitration is granted, the entire dispute will be sent to the arbitrator.  Any discovery will be handled by the arbitrator and the issue of class certification will be moot.  So resolving the threshold question of arbitrability before anything else is done makes sense and will conserve the parties', and the Court's, resources.

Would you consider stipulating to an order shortening time on the motion to stay?  Please let me know.

**MATTHEW E. HESS** | Counsel
Zuber Lawler LLP | 350 S. Grand Avenue, 32nd Floor, Los Angeles, CA 90071, USA
T: +1 (213) 596-5620 | mhess@zuberlawler.com | www.zuberlawler.com
<image003.jpg>

---

The information contained in this email message and any attachments may be confidential and privileged, and exempt from disclosure under applicable law. This email message is intended only for the exclusive use of the person or entity to whom it is addressed. If you are not the intended recipient (or someone responsible for delivering this email message to the intended recipient), please be aware that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email or by telephone and delete or destroy this email message and any attachments to it. This email may be an attorney advertisement. Should you not wish to receive such communications from me, please reply to this email requesting to be removed.

---

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in

error, please immediately notify the sender and delete this e-mail message from your computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

1

## CERTIFICATE OF SERVICE

2

    I am over the age of eighteen and not a party to this action. I am employed in the county where the mailing

3

took place. My residence or business address is 350 S. Grand Avenue, 32nd Floor, Los Angeles, CA 90071. On
Tuesday, June 15, 2021, I caused the following documents to be served from Los Angeles, California:

4

    **DEFENDANT REDBUBBLE INC.'S EX PARTE APPLICATION FOR AN ORDER SHORTENING**

5

    **TIME TO HEAR DEFENDANT'S MOTON TO STAY PROCEEDINGS (Dkt. No. 15);**
    **DECLARATION OF MATTHEW E. HESS.**

6

The documents were delivered to each of the following recipients in the following manner:

7

8

| | |
|---|---|
| BROWNE GEORGE ROSS O'BRIEN ANNAGUEY & ELLIS LLP<br>Keith Wesley, Esq. (kwesley@bgrfirm.com)<br>Matthew Venezia, Esq. (mvenezia@bgrfirm.com)<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, CA 90067<br><br>*Counsel for Plaintiff Kamille Faye Vinluan-Jularbal* | COASTSIDE LEGAL<br>Kenneth Wilson, Esq. (ken@coastsidelegal.com)<br>455 1st Avenue<br>Half Moon Bay, California 94019<br><br>*Counsel for Defendant Redbubble, Inc.* |

9

10

11

12

13

        **(BY MAIL)** I placed the envelope for collection and mailing, following our ordinary business

14

        practices. I am readily familiar with this business's practice for collecting and processing
        correspondence for mailing. On the same day that correspondence is placed for collection and
        mailing, it is deposited in the ordinary course of business with the United States Postal Service, in

15

        a sealed envelope with postage fully prepaid.

16   X    **(BY CM/ECF)** I electronically filed the foregoing with the Clerk of the Court for the United

17

        States District Court for the Northern District of California by using the CM/ECF system. I certify
        that all participants in the case are registered CM/ECF users and that service will be accomplished

18

        by the CM/ECF system.

19

        **(BY OVERNIGHT MAIL)** I placed a true and correct copy of the document(s) in a sealed

20

        envelope addressed as follows and I caused the envelope to be deposited with FedEx at Los
        Angeles, California.

21

        **(BY ELECTRONIC MAIL)** I served the above documents to the email listed in the service

22

        caption above. A true and correct copy of the transmittal will be produced if requested by any
        party or the court.

23

        **(BY MESSENGER SERVICE)** I gave a true and correct copy of the document(s) in a sealed

24

        envelope to a professional messenger service.

25

    I certify under penalty of perjury under the laws of the State of California that the foregoing is true and
correct. Executed at Los Angeles, California on June 15, 2021.

26

27

                                        *Matthew E. Hess*
                                        _____
                                        Matthew E. Hess

28

DEFENDANT REDBUBBLE INC.'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME