1   BROWNE GEORGE ROSS
    O'BRIEN ANNAGUEY & ELLIS LLP
2   Keith J. Wesley (State Bar No. 229276)
      kwesley@bgrfirm.com
3   Matthew L. Venezia (State Bar No. 313812)
      mvenezia@bgrfirm.com
4   2121 Avenue of the Stars, Suite 2800
    Los Angeles, California 90067
5   Telephone: (310) 274-7100
    Facsimile: (310) 275-5697
6
    Attorneys for Plaintiff
7   Kamille Faye Vinluan-Jularbal

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  KAMILLE FAYE VINLUAN-JULARBAL,        Case No. 2:21-cv-00573-JAM-JDP

12              Plaintiff,
                                          **PLAINTIFF KAMILLE FAYE VINLUAN-**
13        vs.                             **JULARBAL'S NOTICE OF MOTION**
                                          **AND MOTION TO COMPEL FURTHER**
14  REDBUBBLE, INC.,                      **DISCOVERY RESPONSES AND FOR**
                                          **PAYMENT OF EXPENSES**
15              Defendant.

16
                                          Judge:    Hon. Jeremy D. Peterson
17                                        Date:     October 21, 2021
                                          Time:     10:00 a.m.
18
19                                        Action Filed:  March 29, 2021
                                          Trial Date:    None Set
20

21

22

23

24

25

26

27

28
    1906506.1
    ─────────────────────────────────────────────────
    PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES
    AND FOR PAYMENT OF EXPENSES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on October 21, 2021, at 10:00 a.m., or as soon thereafter as it may be heard, in Courtroom 9 of the above-referenced Court, located at 501 I Street, Sacramento, CA 95814, the Honorable Jeremy D. Peterson presiding, plaintiff Kamille Faye Vinluan-Jularbal ("Plaintiff") will, and hereby does, move this Court for an order compelling defendant Redbubble, Inc. ("Redbubble") to provide further discovery responses, produce responsive documents, and pay Plaintiff's expenses (the "Motion").

This Motion will be, and hereby is, made pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. The Motion is based on the following grounds. Redbubble has flatly refused to participate in discovery. Redbubble's discovery responses were due approximately three months ago, but Redbubble has not produced a single document, nor substantively responded to a single interrogatory. Plaintiff and Redbubble engaged in three informal discovery conferences before the Court, but Redbubble still refuses to remedy its deficient discovery responses. The Court authorized the filing of this Motion at Dkt. No. 58.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Matthew L. Venezia ("Venezia Decl."), and any other evidence and argument the Court may consider.

DATED:  September 30, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley
Matthew L. Venezia


By: _____/s/ Matthew L. Venezia_____
Matthew L. Venezia
Attorneys for Plaintiff
Kamille Faye Vinluan-Jularbal

1906506.1

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT. ...................................................................................1

II.   PROCEDURAL AND FACTUAL BACKGROUND. ..............................................1

    A.   Plaintiff files suit against Redbubble. .............................................................1

    B.   The parties conduct the Rule 26(f) conference, Redbubble moves to compel
        arbitration, and Plaintiff serves discovery. ....................................................2

    C.   Redbubble seeks to avoid discovery by filing a motion to stay. ....................2

    D.   Redbubble withdraws its motion to compel arbitration and motion to stay,
        and creates a new excuse not to participate in discovery. ..............................3

    E.   Plaintiff engages in an extensive meet and confer process, including three
        informal discovery conferences with the Court. .............................................4

    F.   After four months, Redbubble still refuses to produce a single document, or
        respond to a single interrogatory. ..................................................................5

III.  REDBUBBLE MUST BE COMPELLED TO PROVIDE FURTHER
    DISCOVERY RESPONSES. .....................................................................................6

    A.   Proper scope of discovery. ..............................................................................6

    B.   Particular discovery requests for which Plaintiff moves to compel. ..............7

        1.   RFP Nos. 2, 4, and 6. .........................................................................7

        2.   RFP Nos. 9, 39, and 40. ......................................................................8

        3.   RFP Nos. 10, 11 ................................................................................10

        4.   RFP No. 13. .......................................................................................11

        5.   RFP Nos. 15–32. ...............................................................................12

        6.   RFP No. 33. .......................................................................................12

        7.   RFP Nos. 35, 36. ...............................................................................13

        8.   RFP Nos. 41–47. ...............................................................................14

        9.   RFP Nos. 48–51. ...............................................................................16

        10.  RFP No. 52. .......................................................................................17

        11.  RFP No. 59. .......................................................................................18

        12.  RFP No. 60. .......................................................................................18

## TABLE OF CONTENTS
### (Continued)

**Page**

13.    ROG Nos. 1–7. ........................................................................................19

IV.    THE COURT SHOULD ORDER REDBUBBLE TO PAY PLAINTIFF'S
EXPENSES, INCLUDING ATTORNEYS' FEES ............................................20

V.    CONCLUSION. ..................................................................................................20

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### <u>FEDERAL CASES</u>

4

*Amaraut v. Sprint/United Mgmt. Co.*,
   No. 3:19-cv-411-WQH-AHG, 2020 WL 8024170 (S.D. Cal. Jan. 14, 2020)............................7

5

6

*AMF Inc. v. Sleekcraft Boats*,
   599 F.2d 341 (9th Cir. 1979).....................................................................................................11

7

*Arredondo v. Sw. & Pac. Specialty Fin., Inc.*,
   No. 1:18-cv-01737-DAD-SKO, 2019 WL 6128657 (E.D. Cal. Nov. 19, 2019) .......................7

8

9

*Atari Interactive, Inc. v. Redbubble, Inc.*,
   515 F. Supp. 3d 1089 (N.D. Cal. 2021) ..............................................................................15, 17

10

11

*Bragel Int'l, Inc. v. Kohl's Dep't Stores*,
   No. CV 17-7414 RGK, 2018 WL 7890682 (C.D. Cal. Nov. 14, 2018)........................... *passim*

12

*Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*,
   408 F.3d 1142 (9th Cir. 2005)...................................................................................................20

13

14

*Doninger v. v. Pac. Nw. Bell, Inc.*,
   564 F.2d 1304 (9th Cir. 1977).....................................................................................................6

15

16

*Duran v. Cisco Systems, Inc.*,
   258 F.R.D. 375 (C.D. Cal. 2009) ..............................................................................................20

17

18

*Gulf Oil Co. v. Bernard*,
   452 U.S. 89 (1981) ....................................................................................................................19

19

*Guzman v. Chipotle Mexican Grill, Inc.*,
   No. 17-cv-02606-HSG (KAW), 2018 WL 6092730 (N.D. Cal. Nov. 21, 2018)......................19

20

21

*H–D U.S.A., LLC v. SunFrog, LLC*,
   311 F. Supp. 3d 1000 (E.D. Wisc. 2018) ..................................................................................15

22

*Limon v. Circle K Stores Inc.*,
   No. 1:18-cv-01689-SKO, 2020 WL 1503448 (E.D. Cal. Mar. 30, 2020)............................7, 19

23

24

*Maharaj v. Charter Commc'ns, Inc.*,
   No. 20cv64-BAS-LL, 2021 WL 1428489 (S.D. Cal. Apr. 15, 2021) .....................................7, 19

25

*Sansone v. Charter Commc'ns, Inc.*,
   No. 17-cv-01880-WQH-JLB, 2019 WL 460728 (S.D. Cal. Feb. 6, 2019) .................................7

26

27

*Trujillo v. Chef's Warehouse W. Coast LLC*,
   No. 2:19-cv-08370 DSF, 2020 WL 7315346 (C.D. Cal. Oct. 19, 2020) .....................................7

28

-iii-

**TABLE OF AUTHORITIES**
(Continued)

**Page**

*Y.Y.G.M. SA v. Redbubble, Inc.*,
   No. 2:19-cv-04618-RGK-JPR, 2020 WL 3984528 (C.D. Cal. July 10, 2020) .........................12

**RULES**

Fed. R. Civ. P. 26(b)(1) ...............................................................................................................6

Fed. R. Civ. P. 26(d)(1) ...............................................................................................................6

Fed. R. Civ. P. 37(a)(5)(A)........................................................................................................20

**OTHER AUTHORITIES**

Charles A. Wright & Arthur R. Miller, 7AA FED. PRAC. & PROC. CIV. § 1785.3 (3d ed.
   2021).........................................................................................................................................6

## I.      PRELIMINARY STATEMENT.

This case is somewhat unique because large counterfeiting enterprises do not typically participate in complex litigation. They hide in the shadows hoping to avoid detection, and when caught, generally default. But Redbubble has a publicly traded parent corporation, and its online business model does not allow Redbubble to hide its identity. So Redbubble instead attempts to cloak itself with the legitimacy of a well-known, multinational law firm. Nonetheless, Redbubble cannot hide its true DNA as a counterfeiter, as it obstinately refuses to participate in discovery.

Plaintiff served her discovery requests on Redbubble nearly four months ago. The only response Redbubble has provided is excuses for its non-compliance. First, Redbubble's now withdrawn motion to compel arbitration. Next, its motion for judgment on the pleadings. When the Court advised that it was not inclined to provide a de facto discovery stay simply because a motion for judgment on the pleadings was pending, Redbubble announced its intention to file a motion to bifurcate discovery. Anything to avoid participating in discovery in this case.

Ultimately, Plaintiff is a reluctant participant in a discovery dispute now requiring a formal motion to compel. Plaintiff engaged in hours upon hours of meet and confer with Redbubble's counsel, and three informal discovery conferences with the Court. Despite these efforts, and despite the Court's indication that class discovery is not stayed, and expressed concern that Redbubble has produced no documents, Redbubble stubbornly refuses to produce a single document or provide a single interrogatory response. This obstructionism leaves Plaintiff with no other choice.

## II.     PROCEDURAL AND FACTUAL BACKGROUND.

### A.      Plaintiff files suit against Redbubble.

Plaintiff filed this case on March 29, 2021. Dkt. No. 1. The operative complaint alleges that Redbubble operates a large-scale counterfeiting operation, where it has sold hundreds of millions of dollars of counterfeit products through www.redbubble.com. Dkt. No. 7, ¶¶ 6–26. While third-party users generally upload the infringing designs to Redbubble's website, Redbubble sells the items, controlling every aspect of sales made on its website—paying one of its fulfillers to print the item, sending the fulfiller Redbubble-branded packaging and tags for the

item, processing the payment, coordinating shipment, and handling all communications with the customer. *Id.* at ¶¶ 7–12.

Through this process, Redbubble sells and profits from massive amounts of counterfeit products, with knockoffs of any popular brand one could think of being available on www.redbubble.com. *Id.* at ¶ 15. With such counterfeiting being a major driver of Redbubble's success, Redbubble fails to take reasonable steps to avoid counterfeiting on its website. *Id.* at ¶¶ 16–24. The results are staggering. Plaintiff believes the true numbers are higher and currently seeks confirmation in discovery, but Redbubble's own public reports suggest that well over $200 million worth of counterfeit products were sold by Redbubble in the four fiscal years before the filing of this suit. *Id.* at ¶¶ 25–26. And even where Redbubble discovers counterfeit sales have occurred on its website, it chooses to retain the ill-gotten proceeds. *Id.* at ¶¶ 27–29.

Plaintiff brings individual claims seeking damages and public injunctive relief, in addition to claims on behalf of a putative class seeking damages and injunctive relief. *Id.* at 17–18. Plaintiff intends to seek public injunctive relief against Redbubble's unlawful business practices whether the Court ultimately certifies a class or not.

**B.      The parties conduct the Rule 26(f) conference, Redbubble moves to compel arbitration, and Plaintiff serves discovery.**

On May 26, 2021, counsel for the parties held the Rule 26(f) conference. Venezia Decl., ¶ 2. Discovery in this action has been open since that time. The same day, Redbubble filed its motion to compel arbitration. Dkt. No. 9.

The next week, on June 1, 2021, Plaintiff served Redbubble with her first sets of requests for production of documents (the "RFPs") and interrogatories (the "ROGs"). Venezia Decl., ¶ 3. Because Redbubble has not substantively responded to any of these requests, more requests than could possibly be copied within this Motion are at issue, and all of the relevant requests are reproduced in Appendix A for the Court's reference. *Id.*

**C.      Redbubble seeks to avoid discovery by filing a motion to stay.**

On June 4, 2021, Redbubble filed its motion to stay proceedings while the motion to compel arbitration is pending. Dkt. No. 15. Then, on June 15, 2021, Redbubble moved ex parte

seeking to advance the hearing date on its motion to stay to before Redbubble's responses were due on the RFPs and the ROGs. Dkt. No. 21. The Court denied Redbubble's ex parte application, explaining that Redbubble "failed to establish that good cause exists for expediting the briefing schedule on Defendant's motion to stay." Dkt. No. 24.

Not receiving the relief it hoped to get from the Court, Redbubble unilaterally "granted" itself a discovery stay. That is, on July 1, 2021, Redbubble served discovery responses that refused to substantively respond to any of Plaintiff's requests, copying and pasting this response:

Redbubble objects to this request on the grounds that the parties have agreed to arbitrate this dispute. Redbubble has brought a motion to compel arbitration and is therefore unable to participate in discovery during the pendency of the motion, lest this be deemed a waiver of the responding party's right to arbitrate. If the motion to compel arbitration is granted, all discovery and discovery disputes will be within the arbitrator's jurisdiction.

[Boilerplate objections omitted.]

Without waiving and subject to these objections, Redbubble responds that if the motion to compel arbitration is denied, the responding party will provide amended responses to these requests [or interrogatories] within thirty (30) days.

Venezia Decl., ¶ 4.

### D. <u>Redbubble withdraws its motion to compel arbitration and motion to stay, and creates a new excuse not to participate in discovery.</u>

On July 20, 2021, after Plaintiff had already filed oppositions to Redbubble's motion to compel arbitration and motion to stay, the writing being on the wall that Redbubble's arbitration provision is unconscionable, Redbubble withdrew both motions. Dkt. Nos. 41, 42.

Consistent with the representations made in Redbubble's original discovery responses, Plaintiff presumed substantive discovery responses would be forthcoming, and reached out to Redbubble to discuss timing. Venezia Decl., Exh. A. In reply, Redbubble served amended responses, with a new excuse to not participate in discovery:

Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.

[Boilerplate objections omitted.]

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

-3-

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES
AND FOR PAYMENT OF EXPENSES

1    Venezia Decl., ¶ 6.

2         **E.      Plaintiff engages in an extensive meet and confer process, including three**

3               **informal discovery conferences with the Court.**

4         Immediately thereafter, Plaintiff's counsel engaged Redbubble's counsel to meet and

5    confer concerning Redbubble's deficient discovery responses. After receiving numerous excuses

6    from Redbubble for its noncompliance, and after Redbubble's counsel stated that "the burden is on

7    your side to provide legal authorities and argument to support your requests and explain why the

8    objections are somehow invalid[,]" Plaintiff's counsel responded

9               it is certainly not the case that a party may provide boilerplate
                objections to and refuse to respond to every discovery request, then
10              place the burden on the propounding party to move to compel a
                response on every request. That is sanctionable conduct, and should
11              Redbubble force plaintiff to do so, rest assured, Plaintiff will seek
                sanctions.
12

13   *Id.* at Exh. B. Unfortunately, Redbubble did not heed this warning.

14        Counsel for the parties subsequently engaged in three informal discovery conferences with

15   the Court, and provided related briefing. To summarize, during the first two conferences,

16   Redbubble argued that class discovery is not available. Plaintiff responded that class discovery is

17   available, and that Redbubble improperly seeks to "horse trade" discovery on Ms. Vinluan-

18   Jularbal's individual claims for an agreement not to pursue class discovery, an arrangement

19   Plaintiff would not consider. The Court advised that it was not inclined to provide a de facto stay

20   to class discovery, and that it was troubled Redbubble had not produced a single document, but

21   because Redbubble had offered to produce some set of documents, under certain conditions,

22   recommended Plaintiff make a counter-offer. *Id.* at ¶ 8.

23        After the second discovery conference, Plaintiff met and conferred with Redbubble, and

24   ultimately made a comprehensive compromise proposal, outlining what documents Plaintiff

25   definitely needs, and where Plaintiff could potentially limit requests in an attempt to minimize any

26   burden on Redbubble, despite the fact that Redbubble has never taken the time to articulate any

27   burden as to particular requests. *Id.* at Exh. C.

28        Redbubble responded with a 17-page counter-proposal that refused ***every single proposal***

made by Plaintiff, and offered no class discovery. *Id.* at Exh. D. Redbubble's proposal even

walked back previous offers to produce certain documents related to Plaintiff's individual claims

by, for example, "redacting PII", or in other words, refusing to provide the identities of any other

potential class members. *Id.* In an attempt to justify this position, Redbubble's discovery brief to

the Court prior to the third conference announced that Redbubble now intends to move to bifurcate

discovery. *See* Defendant Redbubble, Inc.'s Pre-Discovery Motion Conference Brief, Dated Sep.

16, 2021, 3:20–23 (Redbubble represented:  "Judge Mendez's standing order requires Redbubble

to wait 10 days from the date of the September 10 meet and confer to file the bifurcation motion.

Upon expiration of this period, Redbubble will file the motion without delay and notice it for the

next available hearing date on Judge Mendez's calendar.").

### F.     <u>After four months, Redbubble still refuses to produce a single document, or respond to a single interrogatory.</u>

Contrary to Redbubble's representation, it has delayed, and as of the filing of this Motion,

Redbubble has not filed any motion seeking to bifurcate discovery. Nor has Redbubble produced a

single document or provided a single interrogatory response. Venezia Decl., ¶ 11. To the extent

Redbubble now attempts to hide behind the purported need for a protective order, Redbubble did

not raise the issue until September 17, 2021, and has not responded to Plaintiff's proposed

amendment to the protective order proposed by Redbubble. *Id.* at ¶¶ 12, 13 & Exh. E.

Anticipating Redbubble's arguments, it is worth noting that on September 20, 2021, the

Court entered an order denying Plaintiff's request for a preliminary injunction. *See generally* Dkt.

No. 59. The Court found that Plaintiff sought a mandatory injunction, raising a very high standard

for relief, and that "Plaintiff asks the Court to conclude at this early stage of the litigation that

these items are in fact counterfeit without offering much to support this contention." *Id.* at 13.

Plaintiff was obviously disappointed by this outcome, but it is a mixed bag, as Plaintiff can pursue

the evidence she needs to further support the contention in discovery, and the Court's order

undercut the arguments Redbubble presses for dismissal of Plaintiff's claims, e.g.:

> [T]he Court finds Plaintiff has standing to seek injunctive relief.
>
> . . .

-5-

> Defendant argues that because Plaintiff would not have statutory standing to bring a claim under the Lanham Act, she cannot bring a UCL claim for such violations. . . . The Court disagrees. . . . Having determined that Plaintiff may bring a claim under the unlawful prong of the UCL based on violations of the Lanham Act . . .

*Id.* at 6, 11–12. The Court need not get so deep in the weeds to decide this Motion. However, given Redbubble's consistent excuses that it should not be required to provide discovery because Plaintiff will never be able to establish standing, the order merits mention. *See generally* Dkt. No. 49 (Redbubble's motion for judgment on the pleadings primarily argues Plaintiff's claims fail for want of standing).

## III.   <u>REDBUBBLE MUST BE COMPELLED TO PROVIDE FURTHER DISCOVERY RESPONSES.</u>

### A.   <u>Proper scope of discovery.</u>

Counsel conferred as required by Rule 26(f) on May 26, 2021, opening discovery more than three months ago. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . "). The Court has entered no order to the contrary, and Plaintiff is entitled to discovery on her claims as a matter of right. Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ").

Putative class representatives are generally entitled to discovery on issues going to class certification, and here, "the failure to grant discovery before denying class treatment [would be] reversible error." *Doninger v. v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312 (9th Cir. 1977). The Ninth Circuit long ago advised, and practitioners have understood for decades, that class action plaintiffs are entitled to discovery on class certification issues:

> It is true that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant.

*Id.* at 1313; Charles A. Wright & Arthur R. Miller, 7AA Fed. Prac. & Proc. Civ. § 1785.3 (3d ed.

2021) ("[C]ourts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis."); *see also Maharaj v. Charter Commc'ns, Inc.*, No. 20cv64-BAS-LL, 2021 WL 1428489, at *5–7 (S.D. Cal. Apr. 15, 2021) (allowing class wide discovery prior to class certification); *Trujillo v. Chef's Warehouse W. Coast LLC*, No. 2:19-cv-08370 DSF (MAAx), 2020 WL 7315346, at *3–6 (C.D. Cal. Oct. 19, 2020) (same); *Limon v. Circle K Stores Inc.*, No. 1:18-cv-01689-SKO, 2020 WL 1503448, at *3–5 (E.D. Cal. Mar. 30, 2020) (same); *Amaraut v. Sprint/United Mgmt. Co.*, No. 3:19-cv-411-WQH-AHG, 2020 WL 8024170, at *8–13 (S.D. Cal. Jan. 14, 2020) (same); *Arredondo v. Sw. & Pac. Specialty Fin., Inc.*, No. 1:18-cv-01737-DAD-SKO, 2019 WL 6128657, at *2–4 (E.D. Cal. Nov. 19, 2019) (same); *Sansone v. Charter Commc'ns, Inc.*, No. 17-cv-01880-WQH-JLB, 2019 WL 460728, *3–5 (S.D. Cal. Feb. 6, 2019) (same).

### B.   Particular discovery requests for which Plaintiff moves to compel.

#### 1.   RFP Nos. 2, 4, and 6.

[2.] DOCUMENTS sufficient to show all revenues YOU have received in connection with PRODUCTS later removed from YOUR website pursuant to YOUR content moderation policy.

[4.] DOCUMENTS sufficient to show all designs removed from YOUR website pursuant to YOUR content moderation policy, with at least one historical sale, including, without limitation, color copies of the listing pages for any such PRODUCTS.

[6.] DOCUMENTS sufficient to show the historical sales of any PRODUCTS emblazoned with a design later removed from YOUR website pursuant to YOUR content moderation policy, including, without limitation, the order confirmations.

[Redbubble's responses:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law. Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Redbubble still further objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action. Finally, Redbubble objects because this request is unreasonably cumulative or otherwise duplicative of other requests.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

These requests seek sales and order data related to orders for products on Redbubble, that

were later removed from Redbubble's website pursuant to its content moderation policy. Such documents are plainly relevant, identifying sales to putative class members. Redbubble has not articulated any particular burden in responding to this request, providing only boilerplate objections, which the Court should ignore. *Bragel Int'l, Inc. v. Kohl's Dep't Stores*, No. CV 17-7414 RGK (SSx), 2018 WL 7890682, at *5 (C.D. Cal. Nov. 14, 2018) (collecting cases finding boilerplate objections improper).

Nonetheless, Plaintiff has offered to narrow these requests to the extent Redbubble has explained its content moderation policy includes documents removed for reasons other than infringement, e.g., nudity, to designs removed for infringement violations. In other cases, Redbubble has provided what it refers to as a "one-row-per-work" chart showing such removed items. *See, e.g.*, *Atari Interactive, Inc. v. Redbubble, Inc.*, Case No. 4:18-cv-03451-JST in the Northern District of California, at Dkt. Nos. 73-1, 107-2, 107-3. Redbubble can do so here, and also provide the corresponding order confirmations, as previously offered by Plaintiff.

### 2. RFP Nos. 9, 39, and 40.

[9.] All DOCUMENTS upon which YOUR claim that "Product Revenue from authentic sellers at Redbubble grew by 39% in FY2019 and now represent 76% of Redbubble Product Revenue", as was made in YOUR 2019 Annual Report, was based.

[Redbubble's response:] Redbubble objects to this request on the grounds that tit is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law. Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Redbubble further objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action. Finally, Redbuble objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

[39.] All DOCUMENTS reflecting any internal analysis concerning the percentage of sales made on YOUR website which are infringing.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.Redbubble also objects to this request because the phrase "percentage of sales made on YOUR website which are infringing" is vague and ambiguous. Redbubble further objects to this request as overly broad, and lacking

foundation. Redbubble further objects to this request to the extent it calls for or contains legal conclusions or characterizations of facts, especially with respect to the phrase "percentage of sales made on YOUR website which are infringing." Redbubble still further objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadigns is denied, the responding party will provide amended responses to these requests within thirty (30) days.

[40.] All DOCUMENTS referring to or constituting studies concerning infringing sales made on YOUR website.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law. Redbubble also objects to this request because the phrase "infringing sales" is vague and ambiguous. Redbubble further objects to this request as overly broad, and lacking foundation. Redbubble further objects to this request to the extent it calls for or contains legal conclusions or characterizations of facts, especially with respect to the phrase "infringing sales." Redbubble still further objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motionfor judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

These requests seek documents reflecting Redbubble's internal studies concerning the level of infringement present on its platform. This not only goes to damages, but Redbubble's intent, if Redbubble has knowledge of tens or hundreds of millions of dollars in infringing sales, but does nothing. Plaintiff knows that such documents exist because Redbubble's Annual Report 2019 made the claim that "authentic sellers" account for "76% of Redbubble Product Revenue." Venezia Decl., Exh. F, 5. A footnote to this claim represented, "Data science work during 2018 has helped identify this critical segment at Redbubble[.]" *Id.* Redbubble's 1Q FY2020 Business Update then provided, "Product Revenue from authentic sellers on Redbubble grew by 20% in 1Q FY2020[.]" *Id.* at Exh. G, 2. Studies concerning the level of infringement on Redbubble are ongoing, and Plaintiff is entitled to see the studies. Redbubble's improper boilerplate objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5.

To the extent Redbubble argues "authentic sellers" is not the opposite of infringing sellers, because some other types of designs are not authentic, e.g., nudity, perhaps. Plaintiff would need the documents to consider that claim, but Redbubble has publicly acknowledged that infringing sales are included within the non-authentic bucket. Venezia Decl., Exh. H, 4 (Redbubble represented in an investor call that, "non-authentic sellers are not necessarily an IP risk. There are sub-categories in this of which those that represent an IP risk is only one."). Taking Redbubble at its word, plaintiff is entitled to discovery on what percentage of "non-authentic" equals infringement.

### 3.   RFP Nos. 10, 11

[10.] All DOCUMENTS constituting or reflecting YOUR policies for dealing with claims of trademark infringement in connection with PRODUCTS.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.

Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

[11.] All DOCUMENTS constituting or reflecting YOUR policies for dealing with claims of copyright infringement in connection with PRODUCTS.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claims can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law. Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.. Redbubble also objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

These documents are relevant because they go to Redbubble's content moderation policies, and thus its intent and potential liability on contributory infringement theories. Redbubble's improper boilerplate objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5. Indeed, Plaintiff does not understand that Redbubble objects to producing such documents, but Redbubble has nonetheless failed to do so.

### 4.   RFP No. 13.

[13.] All COMMUNICATIONS with customers concerning whether PRODUCTS appearing on or purchased on YOUR website were authentic.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law. Redbubble also objects to this request as vague, ambiguous and unintelligible. Redbubble also objects to this request on the grounds that it lacks foundation. Redbubble further objects to this request as overly broad. Redbubble still further objects to this request to the extent it seeks information that invades the right to privacy of Redbubble, its employees, officers, agents, customers, or any other third parties. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

This request seeks customer complaints or inquiries concerning whether Redbubble products are authentic. These documents are relevant to identify class members, show the commonality of Plaintiff's claims with those of other Redbubble customers, and as evidence of actual confusion under the *Sleekcraft* factors for likelihood of confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979). Redbubble's improper boilerplate objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5.

While Redbubble has not articulated any particular burden, in a proactive attempt to ameliorate any burden, Plaintiff nonetheless suggested that Redbubble could comply with this request by searching its electronic customer service correspondence (including, but not limited to, e-mails) for the following search terms:  "authentic" or "infring*" or "counterfeit" or "fake" or "knockoff" or "licens*" or "trademark" or "copyright".

### 5.    RFP Nos. 15–32.

[15.] DOCUMENTS sufficient to show the amount of persons YOU employed in 2015 whose job responsibilities included content moderation.

[22.] DOCUMENTS sufficient to show the wages paid to any persons YOU employed in 2015 whose job responsibilities included content moderation. (This request does not seek individually identifiable information, for example, the name of particular employees.)

[29.] DOCUMENTS sufficient to show the amount of designs YOUR average content moderator reviews per day.

[30.] DOCUMENTS sufficient to show the average amount of designs uploaded to YOUR website per day in 2019.[1]

These requests seek documents indicating how much resources Redbubble devoted to its content moderation efforts from 2015 to the present. This information is relevant because

> A company such as Redbubble could hypothetically maintain a state of "willful blindness" simply by understaffing its marketplace integrity organization relative to the amount of content on its site. This would allow such a company to simultaneously claim that its employees were doing everything in their limited power to prevent the sale of infringing products, while also enjoying the benefit of substantial revenue from the many infringing sales they were unable to catch.

*Y.Y.G.M. SA v. Redbubble, Inc.*, No. 2:19-cv-04618-RGK-JPR, 2020 WL 3984528, at *7 (C.D. Cal. July 10, 2020). This argument is one of the bases for Plaintiff's claim that Redbubble is willfully blind, and she is entitled to explore it.

Redbubble's improper boilerplate objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5. Nonetheless, Plaintiff has offered to accept high-level, summary documents so long as they include the (1) total resources allocated to the content moderation department by year; (2) total amount of designs reviewed by content moderation staff by year; and (3) total amount of designs uploaded to the Redbubble platform by year.

### 6.    RFP No. 33.

[33.] All DOCUMENTS reflecting training materials YOU provided to YOUR content moderators

---

[1] Plaintiff has not included each request, given the page limitation, but RFP Nos. 16–21 repeat RFP No. 15 for the following years, up to 2021, and RFP Nos. 23–28 repeat RFP No. 22 for the following years, again, up to 2021. RFP Nos. 31 and 32 repeat RFP No. 30, for 2020 and 2021. Further, given the page limitation, Plaintiff has provided Redbubble's lengthy objections to these requests in its Appendix A.

related to content moderation.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome and oppressive. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

These documents are relevant because they go to Redbubble's content moderation efforts, and thus its intent and potential liability on contributory infringement theories. Redbubble's improper boilerplate objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5. Indeed, Plaintiff does not understand that Redbubble objects to producing such documents, but Redbubble has nonetheless failed to do so.

## 7.   <u>RFP Nos. 35, 36.</u>

[35.] All DOCUMENTS reflecting complaints from third-party intellectual property holders about infringing designs on YOUR website.

[36.] All DOCUMENTS reflecting takedown notices from third-party intellectual property holders about infringing designs on YOUR website.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.

Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Redbubble still further objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

These requests seek documents reflecting complaints to Redbubble from third-party rights holders. These documents are relevant to Redbubble's intent and the infringing nature of the products sold on Redbubble's website, and the Court's ruling on Plaintiff's motion for preliminary injunction seems to indicate that the Court wants additional evidence establishing that the products

sold by Redbubble are not genuine. Dkt. No. 59, 7:1–4, 13:10–12 ("The Court refuses to reach any such conclusion or finding regarding the items purchased by Plaintiff at this early stage of the litigation. . . . Plaintiff asks the Court to conclude at this early stage of the litigation that these items are in fact counterfeit without offering much to support this contention."). Takedown notices and complaints from rights holders asserting that the products on Redbubble are not authorized would be strong evidence of the counterfeit nature of Redbubble's products. Redbubble's improper boilerplate objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5.

### 8.   RFP Nos. 41–47.

[41.] DOCUMENTS sufficient to identify, by name, address, and phone number, all of the persons or entities providing services in the field of manufacturing in connection with the PRODUCTS.

[42.] DOCUMENTS sufficient to identify, by name, address, and phone number, all of the persons or entities providing services in the field of distribution or shipping in connection with the PRODUCTS.

[43.] DOCUMENTS sufficient to identify, by name, address, and phone number, all of the persons or entities providing services in the field of payment processing in connection with the PRODUCTS.

[Redbubble's responses:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.

Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad. Redbubble further objects to this request to the extent it seeks infromation that invades the right to privacy of Redbubble, its employees, officers, agents, customers, and any other third parties. Redbubble still further objects to this request to the extent it seeks information or documents in the possession, custody, and control of any person or entity other than Redbubble. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

[44.] All agreements between YOU and any person or entity concerning the manufacture of PRODUCTS.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.

Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, and lacking foundation. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in

this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

[45.] All agreements between YOU and any person or entity concerning the distribution or shipping of PRODUCTS.

[46.] All agreements between YOU and any person or entity concerning the provision of payment processing services in connection with the sale of PRODUCTS.

[Redbubble's responses:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.

Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, and lacking foundation. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

[47.] DOCUMENTS sufficient to show where the PRODUCTS ordered on YOUR website are printed.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.

Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

These requests seek documents identifying third parties that participate in Redbubble's manufacturing and distribution chain or provide services related to order processing. This information is relevant where Redbubble argues it cannot be held liable for infringement because its processes are either automated, or performed independently by third parties. *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1103–04 (N.D. Cal. 2021) (discussing how direction of the sales process relates to trademark use); *H–D U.S.A., LLC v. SunFrog, LLC*, 311 F. Supp. 3d 1000, 1030 (E.D. Wisc. 2018) (same). Redbubble's improper boilerplate objections

should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5.

### 9.   RFP Nos. 48–51.

[48]. All COMMUNICATIONS between YOU and YOUR third-party manufacturers concerning the selection or quality of the blank PRODUCTS upon which designs will be printed.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law. Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

[49.] DOCUMENTS sufficient to show all site visits made by any of YOUR employees to any of YOUR third-party manufacturers, including the identity of the employee making the visit.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.

Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Redbubble still further objects further objects to this request to the extent it seeks information that invades the right to privacy of Redbubble, its employees, officers, agents, customers, or any other third parties. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

[50.] DOCUMENTS sufficient to show YOUR quality standards for PRODUCTS ordered on YOUR website.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

[51.] Representative samples of the COMMUNICATIONS received by YOUR third-party manufactures when an order is placed on YOUR website.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

These requests seek documents reflecting Redbubble's control over its fulfillers. These documents are relevant to not only Redbubble's trademark use/volitional conduct as discussed above, but Redbubble's control over the infringing products, as it relates to Plaintiff's vicarious trademark infringement and counterfeiting theory. *Atari Interactive*, 515 F. Supp. 3d at 1107 ("Courts have found vicarious infringement where a party exerts significant control over the infringing activity."). Redbubble's improper boilerplate objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5.

### 10.   <u>RFP No. 52.</u>

[52.] Representative samples of the packaging and tags provided with PRODUCTS ordered on YOUR website.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case.

Without waiving and subject to these objections, Redbubble responds that if the motionfor judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

This requests seeks documents evidencing the packaging and tags for products ordered on Redbubble's website. Such documents are relevant to whether Redbubble acts as a seller and thus engages in trademark use and volitional conduct, for the purposes of Plaintiff's direct liability theories. *Atari Interactive, Inc.*, 515 F. Supp. 3d at 1103 ("[T]he products themselves arrive in Redbubble packaging with a Redbubble tag to reinforce that they are Redbubble's products.").

Redbubble's improper boilerplate objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5. Indeed, Plaintiff does not understand that Redbubble objects to producing such documents, but Redbubble has nonetheless failed to do so.

### 11.   RFP No. 59.

[59.] All licensing agreements between YOU and any third party concerning the use of trademarks or copyrighted works on PRODUCTS.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law. Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as irrelevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Redbubble also objects to this request on the grounds that it purports to require Redbubble to produce documents that are the subject of confidentiality obligations to a third party.

Without waiving and subject to these objections, Redbubble responds that if the motion for judgment on the pleadings is denied, the responding party will provide amended responses to these requests within thirty (30) days.

Redbubble's licensing agreements are relevant to show that Redbubble does not have permission to sell the overwhelming majority of branded products on its website. Again, the Court recently reasoned that Plaintiff did not present enough evidence on authenticity, and these documents go to that point. Dkt. No. 59, 13. Redbubble's licensing agreements are also relevant to intent, i.e., they demonstrate that Redbubble understands it must obtain a license to legally sell products using third parties' intellectual property. Redbubble's improper boilerplate objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5.

### 12.   RFP No. 60.

[60.] DOCUMENTS sufficient to identify, by name, address, and phone number, all customers who have purchased any PRODUCTS later removed from YOUR website pursuant to YOUR content moderation policy.

[Redbubble's response:] Redbubble objects to this request on the grounds that it is not reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule 12(c) or whether Redbubble is entitled to judgment as a matter of law.

Redbubble also objects to this request as vague and ambiguous. Redbubble further objects to this request as overly broad, unduly burdensome, oppressive and disproportionate to the needs of the case. Redbubble still futher objects to this request to the extent it seeks infromation that invades the right to privacy of Redbubble, its employees, officers, agents, customers, or any other third parties. Finally, Redbubble objects to this Request to the extent that it seeks trade secrets, proprietary and/or confidential information, particularly where an appropriate protective order has not been agreed upon by the parties, nor entered by the Court in this action.

1  Without waiving and subject to these objections, Redbubble responds that if the motion for
2  judgment on the pleadings is denied, the responding party will provide amended responses to these
   requests within thirty (30) days.

3        Plaintiff is entitled to equal access to potential class members as Redbubble. *Guzman v.*

4  *Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG (KAW), 2018 WL 6092730, at *2 (N.D. Cal.

5  Nov. 21, 2018) ("The Supreme Court has recognized the importance of permitting class counsel to

6  communicate with potential class members for the purpose of gathering information, even prior to

7  class certification.") (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102–03 (1981)); *see also*

8  *Maharaj*, 2021 WL 1428489, at *7; *Limon*, 2020 WL 1503448, at *4. By refusing to disclose such

9  information, Redbubble is unfairly reserving for itself the right to investigate the claims held by

10  other Redbubble customers, while denying the same to Plaintiff. Redbubble's improper boilerplate

11  objections should be ignored. *Bragel Int'l*, 2018 WL 7890682, at *5.

12         **13.   ROG Nos. 1–7.**

13  [7.] What is YOUR policy concerning YOUR retention of revenues from sales of PRODUCTS
    that are later removed from YOUR website pursuant to YOUR content moderation policy?
14
15  [Redbubble's response:] Redbubble objects to this interrogatory on the grounds that it is not
    reasonable or appropriate until the Court resolves whether Plaintiff's claim can proceed under Rule
    12(c) or whether Redbubble is entitled to judgment as a matter of law.
16
17  Redbubble also objects to this interrogatory as vague and ambiguous. Redbubble further objects to
    this interrogatory as overly broad, unduly burdensome, oppressive and disproportionate to the
18  needs of the case. Finally, Redbubble objects to this interrogatory to the extent that it seeks trade
    secrets, proprietary and/or confidential information, particularly where an appropriate protective
19  order has not been agreed upon by the parties, nor entered by the Court in this action.
20  Without waiving and subject to these objections, Redbubble responds that if the motion for
    judgment on the pleadings is denied, the responding party will provide amended responses to these
21  interrogatories within thirty (30) days.

22         As a threshold matter, Plaintiff does move on all seven interrogatories here—Redbubble

23  refused to respond to each—however, as a complete document production should provide the

24  information requested in ROG Nos. 1–6, in the interests of space, this Motion only includes

25  discussion of ROG No. 7.

26         ROG No. 7 asks Redbubble to explain its policy in regard to ill-gotten gains from sales of

27  infringing products. This information is highly relevant because Plaintiff alleges that Redbubble

28  retains the proceeds from such sales, even where the products are later discovered to be counterfeit

1906506.1

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES
AND FOR PAYMENT OF EXPENSES

or infringing, this being the intent for Redbubble to allow infringements on its website. Dkt. No. 7, ¶ 29. Redbubble provides only boilerplate objections in response, which the Court should disregard. *Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("[U]nexplained and unsupported boilerplate objections are improper.") (citing *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)).

## IV.   THE COURT SHOULD ORDER REDBUBBLE TO PAY PLAINTIFF'S EXPENSES, INCLUDING ATTORNEYS' FEES

Should the Court grant this Motion, it must require Redbubble to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" unless Redbubble's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Redbubble's conduct was certainly not substantially justified—Redbubble has not set forth a few good faith objections to particular requests that were overruled, it has completely refused to participate in discovery despite warnings from Plaintiff, and then the Court, that doing so could result in sanctions. Nor would an award of fees be unjust.

Plaintiff sets forth in Exhibit I to the Declaration of Matthew L. Venezia the attorneys' fees incurred because of Redbubble's misconduct. The total amount of attorneys' fees indicated in Exhibit I is $42,375.00. That amount is in fact less than the total attorneys' fees incurred, because Plaintiff only submits the time of Mr. Venezia for consideration, and additional attorney time will be required to prepare a reply, and argue the Motion, should the Court hold a hearing.

## V.   CONCLUSION.

For the reasons set forth above, Plaintiff respectfully requests the Court grant the Motion.

DATED:  September 30, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley
Matthew L. Venezia


By:   */s/ Matthew L. Venezia*
Matthew L. Venezia
Attorneys for Plaintiff Kamille Faye Vinluan-Jularbal

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of September, 2021, I electronically filed the foregoing **PLAINTIFF KAMILLE FAYE VINLUAN-JULARBAL'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND FOR PAYMENT OF EXPENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**SERVICE LIST**
**Kamille Faye Vinluan-Jularbal v. Redbubble, Inc.**
**Case No. 2:21-cv-00573-JAM-JDP**

KENNETH B. WILSON                    *Attorneys for Defendant*
ken@coastsidelegal.com               *REDBUBBLE, INC.*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone:    (650) 440-4211
(No hard copies e-mails only)

Teresa H. Michaud
teresa.michaud@bakermckenzie.com
BAKER & McKENZIE LLP
10250 Constellation Blvd., Suite 1850
Los Angeles, California 90067
Telephone: 310.201.4728
Facsimile: 310.201.4721

Alexander G. Davis
alexander.davis@bakermckenzie.com
Anne Kelts Assayag
anne.assayag@bakermckenzie.com
BAKER & McKENZIE LLP
600 Hansen Way
Palo Alto, CA 94304
Telephone: 650.856.2400
Facsimile: 650.856.9299

_____
Andrea A. Augustine

1906506.1

-21-

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES
AND FOR PAYMENT OF EXPENSES