UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMILLE FAY VINLUAN-JULARBAL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>REDBUBBLE, INC.,<br><br>　　　　　　　Defendant. | Case No.  2:21-cv-00573-JAM-JDP<br><br>ORDER AWARDING ATTORNEYS' FEES AND COSTS TO PLAINTIFF AS THE PREVAILING PARTY IN A DISCOVERY DISPUTE UNDER RULE 37(a)(5)(A)<br><br>ECF Nos. 60, 81 |

　　　　Plaintiff's motion to compel, ECF No. 60, included a request for reasonable expenses associated with bringing the motion if she should prevail.  Defendant opposed that motion, including specifically the expense request, ECF No. 69, and plaintiff replied, ECF No. 71.  On October 28, 2021, the court held a hearing and indicated that plaintiff's motion to compel would be granted but that supplemental briefing on attorneys' fees and costs would be necessary.  ECF No. 73.  Plaintiff submitted supplemental briefing, and defendant objected.  ECF Nos. 81, 83.  The matter of plaintiff's reasonable expenses is now ripe for review.  For the following reasons, I grant plaintiff's reasonable expenses in the amount of $19,125.

　　　　"Rule 37(a)(5) requires, upon a party's successful motion to compel discovery, that the court order the party or deponent whose conduct necessitated the motion, the party or attorney

1

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1223 (9th Cir. 2018) (internal citation and quotation marks omitted).  Plaintiff successfully brought a motion to compel discovery, which was granted in part. *See* ECF Nos. 60, 84.  Accordingly, the court will award reasonable expenses for plaintiff. *See* Fed. R. Civ. P. 37(a)(5)(A).

By the time plaintiff brought the motion to compel, the parties had engaged in months of meeting and conferring and had participated in three informal conferences with the court.  The court authorized the motion only after defendant's counsel refused to provide any class discovery, effectively staying class discovery unilaterally and without court authorization.  Plaintiff seeks $51,075 in attorney's fees and expenses, arising from 91 hours of attorney work performed by Matthew L. Venezia and Keith J. Wesley of O'Brien Annaguey & Ellis LLP at an hourly rate of $450, and 27 hours of expert work performed by Keven Cohen of Harbor Simply Smart eDiscovery at an hourly rate of $375.  ECF No. 81.

As an initial matter, defendant argues that the discovery requested by plaintiff was far-reaching and burdensome such that defendant has substantial justification under Rule 37(a)(5)(A)(ii) to avoid any payment of expenses.  ECF No. 69 at 21.  Although some of the requests may have been overbroad, plaintiff offered to narrow such requests.  Instead of reaching a compromise position or producing some discovery, defendant produced nothing for months, even after being told in informal conferences that I would not allow defendant to unilaterally stay class discovery.  Defendant's position does not meet the substantial justification exception to the expense-paying mandate of Rule 37.  Thus, it is appropriate to order defendant to pay plaintiff the reasonable expenses, including attorneys' fees, that she incurred by bringing a motion to compel.

**Calculation of Expenses**

As an initial matter, plaintiff seeks costs for hiring an expert to counter defendant's arguments related to the burden of production.  ECF No. 81.  Plaintiff has not shown that in this case it is a reasonable expense to hire an expert for the preparation of a reply brief on a motion to compel. *See id.*  Thus, plaintiff will not be awarded the requested $10,125 in expert fees.

2

1     Turning to attorneys' fees,[1] the court employs a two-step process to calculate a reasonable
2   fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court
3   calculates the lodestar figure, which represents the number of hours reasonably expended on the
4   litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
5   Second, the court determines whether to increase or reduce that figure based on several factors.
6   *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *Kerr v. Screen Guild Extras, Inc.*, 526
7   F.2d 67, 70 (9th Cir. 1975). In assessing a fee award, the court need not "achieve auditing
8   perfection" or "become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011).
9   Rather, "the trial courts may take into account their overall sense of a suit and may use estimates
10  in calculating and allocating an attorney's time." *Id*.

11     Plaintiff seeks reimbursement for two partners who worked on the case at an hourly rate
12  of $450.[2] Considering that this is a class action lawsuit and counsel is experienced, I find this rate
13  to be reasonable in the Eastern District of California, Sacramento Division.

14     On the hours reasonably expended, I find that the 91 hours of attorney work billed here is
15  excessive. Specifically, plaintiff seeks to bill time spent during the meet and confer process
16  before any motion to compel was authorized. That time will be excluded—specifically, the 32.25
17  hours billed between July 21, 2021 and September 17, 2021 will not be included as part of
18  counsels' reasonable time spent on the motion to compel. Additionally, the 16.25 hours spent
19  drafting the expert declaration to be included in the reply brief were also unreasonable. The
20  remaining 42.5 hours spent researching and drafting the motion to compel and reply brief as well
21  as preparation for and participation in the hearing, is reasonable. Accordingly, the lodestar
22  amount for plaintiff's attorneys' work is $19,125.

---

[1] "As a general matter, the attorneys' fees included in a sanctions award must have a direct causal relation to a party's bad faith conduct. However, in the exceptional case where a litigant's bad faith conduct is pervasive and egregious, a district court may award all of a party's attorneys' fees in a lawsuit as part of a sanction." *Harkey v. Beutler*, 817 F. App'x 389, 392 (9th Cir. 2020) (internal citations omitted). I do not find, and plaintiff does not argue, that this is an exceptional case of pervasive and egregious misconduct. Thus, the expenses awarded here will be limited to those costs caused by defendant's conduct.

[2] Although plaintiff initially requested a higher rate, ECF No. 60, to which defendant objected, ECF No. 69, plaintiff's lowered requested rate is not opposed, *see* ECF No. 83.

1  The factors set forth in *Kerr* do not warrant an adjustment of the lodestar figure. *See Kerr*, 526 F.2d at 70. Therefore, the lodestar figure represents a reasonable award of plaintiff's attorneys' fees incurred under Federal Rule of Civil Procedure 37(a)(5)(A).

**Conclusion**

Accordingly, plaintiff's brief on attorney's fees, ECF No. 81, is construed as a motion for reasonable expenses and granted. Defendant is ordered to pay plaintiff's attorneys' fees in the amount of $19,125 as a sanction under Rule 37(a)(5)(A) within seven days of the date of entry of this order.

IT IS SO ORDERED.

Dated:   January 18, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE